UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS ARNOLD, ROBERT BURR, | * | CASE NO. |
| JOHN TRAVIS HASKINS, VINCENT HONEY, SR., | * | |
| KENNETH KIMBALL, LEON MCMANUS, | * | |
| MCKINNLEY MUSE, JEFFREY SCOTT, | * | |
| CLYDE SMITH, LATRINA TOY, | * | |
| and JIMMY WEAVER | * | JUDGE: |
| *Plaintiff* | * | |
| | * | |
| VERSUS | * | |
| | * | |
| ENTERGY OPERATIONS, INC. | * | MAGISTRATE: |
| *Defendant* | * | |
| * * * * * * * * * | * * * * | |

## COMPLAINT

**NOW** come the Plaintiffs, Thomas Arnold; Robert Burr; John Travis Haskins; Vincent Honey, Sr.; Kenneth Kimball; Leon McManus; McKinnley Muse, Jeffrey Scott; Clyde Smith; LaTrina Toy; and Jimmy Weaver, and for their complaint against the defendant, **ENTERGY OPERATIONS, INC.**, who respectfully submit as follows:

1. The Plaintiffs brings this action under the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201, *et seq.* ("FLSA"), to recover unpaid back wages, an additional amount as liquidated damages, and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the Plaintiff's claims pursuant to 29 U.S.C. § 201,

1

*et. seq.*; 29 U.S.C. § 216; 28 U.S.C. § 1331; and 28 U.S.C. § 1337(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendant transacts business in this district, the Plaintiffs were employed by the Defendant in this district, and most of the actions complained of occurred in this district.

## PARTIES

4. Plaintiffs, Thomas Arnold; Robert Burr; John Travis Haskins; Vincent Honey, Sr.; Kenneth Kimball; Leon McManus; McKinnley Muse, Jeffrey Scott; Clyde Smith; LaTrina Toy; and Jimmy Weaver, ("Plaintiffs") are or were employees of Defendant, **ENTERGY OPERATIONS, INC.**, who earned, but did not receive, compensation for hours worked in excess of 40 hours per week due to being misclassified under the FLSA.

5. The Plaintiffs were each an "employee" as that term is defined by 29 U.S.C. § 203(e).

6. The Defendant was, at all relevant times, an "employer" as that term is defined by 29 U.S.C. § 203(d).

7. The Defendant is a corporation doing business at the River Bend Nuclear Station in St. Francisville, West Feliciana Parish, Louisiana, where the Defendant has been engaged in providing security services.

8. At all pertinent times, the Defendant has been engaged in activities and having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $100,000.00, and therefore, constitutes an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 U.S.C. § 203 (r) and (s).

9. Plaintiffs provided security services to **ENTERGY OPERATIONS, INC.** The Plaintiffs are/were Security Shift Supervisors and/or related positions. The Plaintiffs do not have the ability to hire and fire other personnel and lack other requisites to satisfy the FLSA section 13(a)(1) exemptions or exceptions to the FLSA for Executive or Administrative Employees. Alternatively and/or additionally, the Plaintiffs are first-responders, who do not qualify as exempt employees under FLSA section 13(a)(1), pursuant to the regulations set forth in the FLSA and related federal regulations including 29 C.F.R. Section 541.3.

10. **ENTERGY OPERATIONS, INC.** paid Plaintiffs a salary, but failed to pay time-and-one-half pay for all time worked in excess of 40 hours per week.

## OVERTIME COMPENSATION

11. At all pertinent times, the Plaintiffs routinely worked, were scheduled to work, and/or were on-call for hours in excess of 40 hours per week.

12. The FLSA requires an employer to pay its employees overtime compensation of at least 1½ their regular rate for time worked in excess of 40 hours per week.

13. Despite working overtime hours in excess of 40 hours per week for a period of several years up to and including March 2015, the Plaintiffs have not been paid overtime compensation for hours worked in excess of 40 hours per week.

14. In March 2015, the Security Shift Supervisors, including the Plaintiffs, were reclassified as an hourly, overtime-eligible employee by **ENTERGY OPERATIONS, INC.**

## WILLFUL VIOLATIONS OF THE FLSA

15. Upon information and belief, **ENTERGY OPERATIONS, INC.** has, for more than three years prior to the Plaintiffs' reclassification in March 2015, willingly, deliberately, and intentionally refused to pay the Plaintiffs overtime compensation for hours worked in excess of 40 hours per week.

16. Upon information and belief, **ENTERGY OPERATIONS, INC.** knowingly and intentionally led the Plaintiffs to believe that their regular pay rate was in conformity with the FLSA and other applicable laws, due the Plaintiffs' purported classifications as "supervisors." **ENTERGY OPERATIONS, INC.** also misled the Plaintiffs regarding the amount of overtime that would be expected of them, their rate of pay, the benefits available to them and the method of calculation such benefits, and their on-call requirements. These failures by **ENTERGY OPERATIONS, INC.** precluded the Plaintiffs from having a clear understanding of the position they were agreeing to undertake.

17. Despite the job title held by the Plaintiffs, **ENTERGY OPERATIONS, INC.** was aware that the positions held by the Plaintiffs did not meet the requirements for supervisory exemptions to the FLSA, and therefore, overtime compensation was required to be paid to the Plaintiffs for all hours they worked in excess of 40 hours per week. Alternatively and/or additionally, **ENTERGY OPERATIONS, INC.** was aware that the Plaintiffs were first responders under 29 C.F.R. Section 541.3, and therefore, did not qualify for as an exempt executive employees under F.L.S.A. Section 13(a)(1).

18. **ENTERGY OPERATIONS, INC.** knew or should have known that the Plaintiffs were entitled to compensation for time actually worked, and for overtime compensation

under the FLSA.

19. **ENTERGY OPERATIONS, INC.** and/or its predecessors at the River Bend Nucler Station have a history of violations of the overtime compensation requirements of the FLSA.

20. **ENTERGY OPERATIONS, INC.** has claimed that the FLSA overtime requirements do not apply to the Plaintiffs, and that the Plaintiffs are/were exempt from these requirements.

21. The Plaintiffs are owed overtime compensation wages and back wages from **ENTERGY OPERATIONS, INC.**, who willing and knowingly withheld those wages from the Plaintiffs.

## CAUSE OF ACTION: VIOLATION OF THE FLSA

22. The previous paragraphs are included here by reference.

23. **ENTERGY OPERATIONS, INC.** regularly engages in commerce, and its employees handle and use goods, which have moved in interstate commerce.

24. At all relevant times, **ENTERGY OPERATIONS, INC.** is/has been an "employer" within the meaning of the FLSA, and is subject to the provisions of the FLSA.

25. At all relevant times, the Plaintiffs are/were "employees" of the Defendant, as defined by the FLSA, and are subject to the protections set forth in the FLSA.

26. During the period of time the Plaintiffs have been employed by the Defendant, the Plaintiffs have performed work for which they were not compensated by the Defendant, in violation of the FLSA.  Specifically, the Defendant violated § 7 of the FLSA by failing to pay overtime compensation to non-exempt employees who earned overtime pay.

27. The Defendant's failure to compensate the Plaintiffs for all compensable hours violates the provisions and regulations of the FLSA.

28. The Defendant's failure to properly administer a compensation scheme, including but not limited to actual time, overtime, and/or comp time compensation, violates the overtime provisions and regulation of the FLSA.

29. The Defendant's failure to compensate the Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

30. As a result of the Defendant's willful and knowing failure to properly compensate the Plaintiffs, the Plaintiffs have suffered substantial delays in receipt of wages and damages.

31. The Defendant's failure to properly administer a compensation scheme for overtime compensation was a willful and knowing violation of the FLSA.

32. Pursuant to 29 U.S.C. §§ 207, 216, the Defendant owes the Plaintiffs compensation for overtime work including any back wages owed for overtime work. The Defendant also owes and additional amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

33. The Defendant is not entitled to offset any bonuses paid to the Plaintiffs in the course of their employment as Security Shift Supervisors at the River Bend Nuclear Station because any such bonuses issued fail to meet the requirements for offsetting additional compensation under the FLSA. Further, any such bonuses would be specifically excluded from permissible FLSA offsetting because they were discretionary in nature and/or are not properly considered as part of an FLSA overtime-reimbursement claim. The Defendant has demonstrated a history of claiming entitlement to offset, which Plaintiffs allege is a retaliatory act in response to pursuing their FLSA rights, which is in violation of 29 U.S.C. § 215(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs seek judgment against the Defendant as follows:

(a)   That the Plaintiffs be permitted to recover compensatory damages and an equal amount of liquidated damages, as provided under 29 U.S.C. § 216(b);

(b)   That the Plaintiffs recover an award of reasonable attorneys' fees, costs, and other expenses;

(c)   That the Defendant make the Plaintiffs whole by providing appropriate back pay and any other benefits wrongly denied;

(d)   That the Defendant be precluded from offsetting any bonuses paid to Plaintiffs against any back pay or liquidated damages awards;

(e)   That the Plaintiffs be permitted to recover for any retaliatory efforts by the Defendant to impermissibly pursue improper bonus reimbursements under 29 U.S.C. 215(a)(3); and

(f)   Plaintiffs pray for any other additional relief that justice may require or permit.

Respectfully submitted,

*/s R. Glenn Cater*

_____
R. Glenn Cater (#4048)
CATER & ASSOCIATES, L.L.C.
124 South Clark Street
New Orleans, Louisiana 70119
Phone: (504) 485-5888
Fax: (504) 485-5958