# RECEIPT, RELEASE
# AND SETTLEMENT AGREEMENT

## JOHN TRAVIS HASKINS

1.    This Receipt, Release and Settlement Agreement ("Settlement Agreement") is made and entered into by and between Entergy Operations, Inc. ("EOI") and John Travis Haskins ("Plaintiff").

2.    EOI and Plaintiff are sometimes referred to collectively as the "Settling Parties."

3.    The "Effective Date" of this Release is the earliest date on which each and every condition contained in Paragraph 7 (a) – (f) below has been met.

4.    Plaintiff has alleged violations of the Fair Labor Standards Act ("FLSA") by EOI in *Thomas Arnold, et al. v. Entergy Operations, Inc.*, No. 16-00211, pending in the United States District Court for the Middle District of Louisiana (the "Litigation").

5.    EOI denies all claims and allegations against it by Plaintiff, and a *bona fide* dispute exists between the Settling Parties, both as to liability and the amount of damages, if any, allegedly suffered by Plaintiff.

6.    The Settling Parties, being mindful of the hazards of litigation and its costs, have resolved to settle any and all claims and causes of action that Plaintiff asserted or could have claimed or asserted against EOI in the Litigation.

7.    In exchange for the promises and acknowledgments made by Plaintiff in this Settlement Agreement, EOI agrees to pay Plaintiff and Plaintiff's counsel the total gross amount of ONE THOUSAND FIVE HUNDRED and NO/100 ($1,500.00) DOLLARS (the "Settlement Payment"). The Settlement Payment is intended to include all payments to Plaintiff, including any and all attorneys' fees, costs, and other amounts or expenses incurred by him or his counsel in connection with the Litigation. EOI shall not be obligated to distribute the Settlement Payment, or any portion thereof, until every one of the following conditions precedent is met:

    a.  Plaintiff and each of Plaintiff's counsel has executed this Settlement Agreement;

    b.  Plaintiff has provided EOI a properly executed IRS Form W-9;

    c.  Plaintiff has provided EOI a properly executed IRS Form W-4;

    d.  Plaintiff's counsel has provided EOI a properly executed IRS Form W-9;

    e.  a duly authorized representative of EOI has executed the Settlement Agreement; and

    f.  the District Court has approved the terms of this Settlement Agreement, including the amount of attorneys' fees and costs to be paid to Plaintiff's

EXHIBIT "1"

counsel, and has entered an order dismissing the Litigation and the claims against EOI with prejudice.

8.    The Settlement Payment, which is inclusive of all attorneys' fees and costs, shall be allocated and paid as follows:

(a)    EOI will issue one check payable as wages to Plaintiff in the amount of FIVE HUNDRED and NO/100 ($500.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 Form reflecting the payment;

(b)    EOI will issue a second check payable as liquidated damages to Plaintiff in the amount of FIVE HUNDRED and NO/100 ($500.00) DOLLARS, with an IRS Form 1099 reflecting the payment; and

(c)    EOI will issue one check payable to Cater & Associates, LLC in the amount of FIVE HUNDRED and NO/100 ($500.00) DOLLARS for attorneys' fees, costs, and expenses, and issue an IRS Form 1099 to Cater & Associates, LLC reflecting this payment, as well as a separate IRS Form 1099 to Plaintiff in the same amount.

EOI makes no representation concerning the tax consequences, if any, of the payments made pursuant to this Settlement Agreement, and Plaintiff agrees he has not relied on any express or implied representations by EOI or any person acting on its behalf concerning the tax implications of the payments made under this Settlement Agreement.  Plaintiff agrees that he shall (i) bear sole responsibility for any tax liability for any payments made to him and (ii) indemnify EOI and hold EOI harmless for any and all taxes, penalties, or interest that may be assessed by any taxing authority on any payment made to Plaintiff pursuant to this Settlement Agreement.

Plaintiff understands and acknowledges that all payments made by EOI pursuant to this Settlement Agreement shall not be considered wages for purposes of calculating, or recalculating, benefits under the terms and conditions of any benefit plan maintained by EOI for the benefit of its employees and their beneficiaries.

9.    EOI will deliver the checks constituting the Settlement Payment to counsel for Plaintiff via United Parcel Service ("UPS") next-day-delivery within twenty business days after the date on which all conditions precedent set forth in Paragraph 7 (a) – (f) have been met.

10.    In consideration of the payments specified in Paragraph 8, Plaintiff voluntarily and knowingly releases EOI and its parent, any and all of its current or former subsidiary or affiliated companies and the current and former directors, officers, employees, attorneys, insurers and agents of each of these companies (collectively, the "Released Parties") from any and all claims, demands, actions, causes of action, suits, and complaints, at law or in equity, that Plaintiff may have, whether known or unknown, including, but not limited to, all claims arising out of Plaintiff's employment by, or other interactions with, EOI and any of the other Released Parties through the date of this Settlement Agreement and specifically including, but not limited to, all claims under the FLSA.  The failure of Plaintiff to negotiate his settlement check shall not impact or diminish the enforceability of Plaintiff's release of claims.

11.    In consideration of the mutual promises and releases herein, EOI voluntarily and knowingly releases Plaintiff from any and all claims, demands, causes of action, suits, or complaints, at law or in equity, it may have concerning any payments made to Plaintiff as an exempt Security Shift Supervisor ("SSS") through the Entergy System Management Incentive Plan.

12.    Plaintiff represents and warrants that, other than the Litigation, he has not filed, and is not a party to, any currently pending complaints, charges, or lawsuits against the Released Parties and further agrees not to sue, or bring any action, charge, complaint, grievance or arbitration, whether federal or state or local, now or at any future time against any of the Released Parties with respect to any claim released in this Settlement Agreement.   This prohibition excludes claims that cannot be waived by law or private agreement, including the right to file a charge or cooperate with any governmental authority.   However, the consideration provided to Plaintiff in this Settlement Agreement shall be the sole relief available to Plaintiff for the claims that are released herein, and Plaintiff will not be entitled to recover, and agrees to waive, any monetary benefits or recovery against the Released Parties in connection with any such claim, charge, or proceeding without regard to who has brought such claim, charge, or proceeding.   Plaintiff agrees this Settlement Agreement may be used as an affirmative defense and complete bar to any such claim, lawsuit or any other type of action filed by, or on behalf of, Plaintiff against the Released Parties for any such released claim.

13.    Notwithstanding any other provision in this Settlement Agreement, Plaintiff understands that nothing contained herein precludes him from communicating nor impairs or restricts in any way his ability to communicate with the United States Nuclear Regulatory Commission (the "NRC"), the Department of Labor, or any other federal, state or local government agency with jurisdiction concerning safety or workplace concerns Plaintiff may have.   Plaintiff understands and acknowledges that the provisions of this Settlement Agreement do not in any way limit his communications with the NRC or other government agencies, that nothing prohibits him from providing safety-related or other information to the NRC on matters within the NRC's regulatory responsibilities, and that nothing prohibits, restricts or otherwise discourages him from participating in protected activities as defined in Section 211 of the Energy Reorganization Act of 1974 and in 10 C.F.R. Part 50.7.

14.    In conjunction with the execution of this Settlement Agreement, the Settling Parities agree to execute and file with the Court a Joint Motion to Dismiss and for Approval of Settlement, a copy of which is attached hereto as Exhibit "A."   Plaintiff agrees that he will cooperate in filing whatever other items the Court deems necessary to effectuate the dismissal of his claims in the Litigation.   Plaintiff also agrees that, once his claims are dismissed, he shall not reinstate them or seek to reinstate them other than as may be necessary to enforce the terms of this Settlement Agreement.

15.    This Settlement Agreement does not constitute an admission by EOI or any of the other Released Parties of any wrongful action or violation of any federal or state law or statute, including, but not limited to, the FLSA.   In fact, Plaintiff acknowledges that EOI and the other Released Parties explicitly deny any claims of wrongdoing and deny any violation of the FLSA.

16.     Plaintiff agrees that this Settlement Agreement represents a fair and reasonable resolution of the *bona fide* dispute between the Settling Parties and fully resolves all of Plaintiff's FLSA claims, including his claims for unpaid wages, liquidated damages, fees, costs, and any other amounts incurred in the Litigation.  Plaintiff acknowledges that, upon payment of the Settlement Payment, he has been paid all wages and other amounts owed by EOI.

17.     Plaintiff agrees and understands that his employment with EOI has been permanently severed, and that EOI has no contractual, legal, equitable or other obligation to hire or employ him in the future.

18.     Plaintiff acknowledges that he is fully competent to execute this Settlement Agreement; that he has been given reasonable time to consider this Settlement Agreement before signing; that he has relied on the advice of counsel in reviewing and signing this Settlement Agreement; that he has carefully read and understands the provisions of this Settlement Agreement, including, but not limited to, the release of any claims Plaintiff may have against the Released Parties as set forth in Paragraph 10; and that he has executed this Settlement Agreement knowingly and voluntarily and based on the advice of his attorneys.

19.     This Settlement Agreement shall be interpreted by, governed by, and enforced under the laws of the State of Louisiana without regard to conflict of laws.  The Settling Parties consent to the exclusive jurisdiction of the District Court for, and agree that such court is the proper venue to resolve, any dispute arising under or concerning this Settlement Agreement.

20.     This Settlement Agreement contains the entire agreement between the Settling Parties and supersedes any prior discussions, representations, or agreements.

21.     This Settlement Agreement may not be modified, amended or terminated orally. No modification, amendment, or termination, or waiver of any provisions of the Settlement Agreement shall be binding unless it is in writing and signed by the person against whom it is sought to be enforced.  The waiver of any breach of this Settlement Agreement shall not operate or be construed as a waiver of any other similar or prior or subsequent breach of this Settlement Agreement.

22.     This Settlement Agreement may be signed in separate, identical counterparts which, when taken together, shall constitute one agreement.

23.     In the event any portion of this Settlement Agreement is deemed unenforceable, void, or of no force and effect, no other portion will be affected, and the remainder of this Settlement Agreement will continue in full force and effect.

*[The rest of this page is intentionally left blank.]*

THUS DONE AND SIGNED on the date shown.

ENTERGY OPERATIONS, INC.

By: _____

Print Name:  John A. Ventosa

Its:  Chief Operating Officer – South

Date:  12/13/17 _____

**THUS DONE AND SIGNED** on the date shown.

CATER & ASSOCIATES, LLC

By: _____

Print Name:  R. Glenn Cater

Its: _____

Date: _____


CHRIS EDWARDS

_____

Date: _____

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

JOHN TRAVIS HASKINS

WITNESSES

Print Name: _Erin Wallace_

Print Name: _____

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
THE 18 DAY OF _January_,
2018, IN THE COUNTY OF _Arapahoe_
STATE OF COLORADO.

NOTARY PUBLIC

CHARLENE MCGAUGHY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114028635
MY COMMISSION EXPIRES JUNE 03, 2019

7 of 7