# RECEIPT, RELEASE
# AND SETTLEMENT AGREEMENT

1. This Receipt, Release and Settlement Agreement ("Settlement Agreement") is made and entered into by and between Entergy Operations, Inc. ("EOI") and Robert Burr, Vincent Honey, Sr., Leon D. McManus, Jeffrey C. Scott, Clyde J. Smith, and Latrina Toy (each, individually, "Plaintiff" and, collectively, "Plaintiffs").

2. EOI and Plaintiffs are sometimes referred to collectively as the "Settling Parties."

3. The "Effective Date" of this Release is the earliest date on which each and every condition contained in Paragraph 7 (a) – (f) below has been met.

4. Plaintiffs have alleged violations of the Fair Labor Standards Act ("FLSA") in *Thomas Arnold, et al. v. Entergy Operations, Inc.*, Civil Action No. 3:16-cv-00211-JWD-RLB (the "Litigation"), pending in the United States District Court for the Middle District of Louisiana (the "District Court").

5. EOI denies all claims and allegations against it and/or its affiliates by Plaintiffs, and a *bona fide* dispute exists between the Settling Parties, both as to liability and the amount of damages, if any, allegedly suffered by Plaintiffs.

6. The Settling Parties, being mindful of the hazards of litigation and its costs, have resolved to settle any and all claims and causes of action that Plaintiffs asserted or could have claimed or asserted against EOI in the Litigation.

7. In exchange for the promises and acknowledgments made by Plaintiffs in this Settlement Agreement, EOI agrees to pay Plaintiffs and Plaintiffs' counsel the total gross amount of EIGHTY SEVEN THOUSAND NINE HUNDRED and 00/100 ($87,900.00) DOLLARS (the "Settlement Payment"). The Settlement Payment is intended to include all payments to Plaintiffs, including any and all attorneys' fees, costs, and other amounts or expenses incurred by them or their counsel in connection with the Litigation. EOI shall not be obligated to distribute the Settlement Payment, or any portion thereof, until every one of the following conditions precedent is met:

(a) each Plaintiff and each of Plaintiffs' counsel has executed this Settlement Agreement;

(b) each Plaintiff receiving payment as part of the Settlement Payment has provided EOI a properly executed IRS Form W-9;

(c) each Plaintiff receiving payment as part of the Settlement Payment who is no longer employed by EOI has provided EOI a properly executed IRS Form W-4;

(d) Plaintiffs' counsel has provided EOI a properly executed IRS Form W-9;

EXHIBIT "1"

(e)     a duly authorized representative of EOI has executed the Settlement Agreement; and

(f)     the District Court has approved the terms of this Settlement Agreement, including the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel, and has entered an order dismissing the Litigation and the claims against EOI with prejudice.

8.     The Settlement Payment, which is inclusive of all attorneys' fees and costs, shall be allocated and paid as follows:

(a)     **_Robert Burr_**

(i)     EOI will issue one check payable as wages to Mr. Burr in the amount of FIVE THOUSAND EIGHT HUNDRED FIFTY and 00/100 ($5,850.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

(ii)     EOI will issue a second check payable as liquidated damages to Mr. Burr in the amount of FIVE THOUSAND EIGHT HUNDRED FIFTY and 00/100 ($5,850.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus FOUR THOUSAND TWO HUNDRED EIGHTEEN and 23/100 ($4,218.23) DOLLARS for Mr. Burr's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses;

(b)     **_Vincent Honey, Sr._**

(i)     EOI will issue one check payable as wages to Mr. Honey in the amount of TWO THOUSAND FIVE HUNDRED FIFTY and 00/100 ($2,550.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

(ii)     EOI will issue a second check payable as liquidated damages to Mr. Honey in the amount of TWO THOUSAND FIVE HUNDRED FIFTY and 00/100 ($2,550.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus TWO THOUSAND ONE HUNDRED FIFTY NINE and 26/100 ($2,159.26) DOLLARS for Mr. Honey's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses;

(c)     **_Leon D. McManus_**

(i)     EOI will issue one check payable as wages to Mr. McManus in the amount of SIX THOUSAND FIVE HUNDRED FIFTY and 00/100 ($6,550.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

(ii)     EOI will issue a second check payable as liquidated damages to Mr. McManus in the amount of SIX THOUSAND FIVE HUNDRED FIFTY and

00/100 ($6,550.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus FOUR THOUSAND SIX HUNDRED FIFTY FOUR and 98/100 ($4,654.98) DOLLARS for Mr. McManus's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses;

(d) *Jeffrey C. Scott*

    (i)    EOI will issue one check payable as wages to Mr. Scott in the amount of FIVE THOUSAND NINE HUNDRED FIFTY and 00/100 ($5,950.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

    (ii)    EOI will issue a second check payable as liquidated damages to Mr. Scott in the amount of FIVE THOUSAND NINE HUNDRED FIFTY and 00/100 ($5,950.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus FOUR THOUSAND TWO HUNDRED EIGHTY and 63/100 ($4,280.63) DOLLARS for Mr. Scott's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses;

(e) *Clyde J. Smith*

    (i)    EOI will issue one check payable as wages to Mr. Smith in the amount of FIVE THOUSAND NINE HUNDRED FIFTY and 00/100 ($5,950.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

    (ii)    EOI will issue a second check payable as liquidated damages to Mr. Smith in the amount of FIVE THOUSAND NINE HUNDRED FIFTY and 00/100 ($5,950.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus FOUR THOUSAND TWO HUNDRED EIGHTY and 63/100 ($4,280.63) DOLLARS for Mr. Smith's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses;

(f) *Latrina Toy*

    (i)    EOI will issue one check payable as wages to Ms. Toy in the amount of FIVE THOUSAND THREE HUNDRED FIFTY and 00/100 ($5,350.00) DOLLARS, less any required payroll withholdings, with an IRS Form W-2 reflecting the payment;

    (ii)    EOI will issue a second check payable as liquidated damages to Ms. Toy in the amount of FIVE THOUSAND THREE HUNDRED FIFTY and 00/100 ($5,350.00) DOLLARS, with an IRS Form 1099 reflecting this payment plus THREE THOUSAND NINE HUNDRED SIX and 27/100 ($3,906.27) DOLLARS for Ms. Toy's pro-rata portion of the payment made to Plaintiffs' counsel for attorneys' fees, costs, and expenses; and

    *(g)*    EOI will issue one check payable to Cater & Associates, LLC in the amount of TWENTY-THOUSAND FIVE HUNDRED and 00/100 ($23,500.00) DOLLARS for attorneys' fees, costs, and expenses, and issue an IRS Form 1099 to Cater & Associates, LLC reflecting this payment.

EOI makes no representation concerning the tax consequences, if any, of the payments made pursuant to this Settlement Agreement, and Plaintiffs agree they have not relied on any express or implied representations by EOI or any person acting on its behalf concerning the tax implications of the payments made under this Settlement Agreement. Plaintiffs agree that they shall (i) bear sole responsibility for any tax liability for any payments made to them and (ii) indemnify EOI and hold EOI harmless for any and all taxes, penalties, or interest that may be assessed by any taxing authority on any payment made to Plaintiffs pursuant to this Settlement Agreement.

Plaintiffs understand and acknowledge that all payments made by EOI pursuant to this Settlement Agreement shall not be considered wages for purposes of calculating, or recalculating, benefits under the terms and conditions of any benefit plan maintained by EOI for the benefit of its employees and their beneficiaries.

    9.    EOI will deliver the checks constituting the Settlement Payment to counsel for Plaintiffs via Federal Express next-day-delivery within twenty business days after the date on which all conditions precedent set forth in Paragraph 7 (a) – (f) have been met.

    10.    In consideration of the Settlement Payment specified in Paragraph 8, Plaintiffs voluntarily and knowingly release EOI and its parent, any and all of its current or former subsidiaries or affiliated companies and the current and former directors, officers, employees, attorneys, insurers and agents of each of these companies (collectively, the "Released Parties") from any and all claims, demands, actions, causes of action, suits, and complaints, at law or in equity, that Plaintiffs may have, whether known or unknown, including, but not limited to, all claims arising out of Plaintiffs' employment by, or other interactions with, EOI and any of the other Released Parties through the date of this Settlement Agreement and specifically including, but not limited to, all claims under the FLSA. The failure of any Plaintiff to negotiate his or her settlement check shall not impact or diminish the enforceability of Plaintiffs' release of claims.

    11.    In consideration of the mutual promises and releases herein, EOI voluntarily and knowingly releases Plaintiffs from any and all claims, demands, causes of action, suits, or complaints, at law or in equity, it may have concerning any payments made to Plaintiffs as exempt Security Shift Supervisors ("SSSs") through the Entergy System Management Incentive Plan.

    12.    Each Plaintiff represents and warrants that, other than the Litigation, he or she has not filed, and is not a party to, any currently pending complaints, charges, or lawsuits against the Released Parties and further agrees not to sue, or bring any action, charge, complaint, grievance or arbitration, whether federal or state or local, now or at any future time against any of the Released Parties with respect to any claim released in this Settlement Agreement. This prohibition excludes claims that cannot be waived by law or private agreement, including the right to file a charge or cooperate with any governmental authority. However, the consideration

provided to each Plaintiff in this Settlement Agreement shall be the sole relief available to that Plaintiff for the claims that are released herein, and that Plaintiff will not be entitled to recover, and agrees to waive, any monetary benefits or recovery against the Released Parties in connection with any such claim, charge, or proceeding without regard to whom has brought such claim, charge, or proceeding. Plaintiffs agree this Settlement Agreement may be used as an affirmative defense and complete bar to any such claim, lawsuit or any other type of action filed by, or on behalf of, a Plaintiff against the Released Parties for any such released claim.

13. Notwithstanding any other provision in this Settlement Agreement, each Plaintiff understands that nothing contained herein precludes him or her from communicating nor impairs or restricts in any way his or her ability to communicate with the United States Nuclear Regulatory Commission (the "NRC"), the Department of Labor, or any other federal, state or local government agency with jurisdiction concerning safety or workplace concerns any Plaintiff may have. Each Plaintiff understands and acknowledges that the provisions of this Settlement Agreement do not in any way limit his or her communications with the NRC or other government agencies, that nothing prohibits him or her from providing safety-related or other information to the NRC on matters within the NRC's regulatory responsibilities, and that nothing prohibits, restricts or otherwise discourages him or her from participating in protected activities as defined in Section 211 of the Energy Reorganization Act of 1974 and in 10 C.F.R. Part 50.7.

14. In conjunction with the execution of this Settlement Agreement, the Settling Parties agree to execute and file with the Court a Joint Motion to Dismiss and for Approval of Settlement, a copy of which is attached hereto as Exhibit "A." Plaintiffs agree that they will cooperate in filing whatever other items the Court deems necessary to effectuate the dismissal of their claims in the Litigation. Plaintiffs also agree that, once their claims are dismissed, they shall not reinstate them or seek to reinstate them other than as may be necessary to enforce the terms of this Settlement Agreement.

15. This Settlement Agreement does not constitute an admission by EOI or any of the other Released Parties of any wrongful action or violation of any federal or state law or statute, including, but not limited to, the FLSA. In fact, Plaintiffs acknowledge that EOI and the other Released Parties explicitly deny any claims of wrongdoing and deny any violation of the FLSA.

16. Plaintiffs agree that this Settlement Agreement represents a fair and reasonable resolution of the *bona fide* dispute between the Settling Parties and fully resolves all of Plaintiffs' FLSA claims, including their claims for unpaid wages, liquidated damages, fees, costs, and any other amounts incurred in the Litigation. Plaintiffs acknowledge that, upon payment of the Settlement Payment, they have been paid all wages and other amounts owed by EOI.

17. Plaintiffs agree and understand that, although Plaintiffs are currently employed by EOI, this Settlement Agreement creates no contractual, legal, equitable, or other obligation of any kind to continue the employment of any of the Plaintiffs. Plaintiffs specifically acknowledge and understand that Plaintiffs, at all times, have been employed as at-will employees, and Plaintiffs' employment may be terminated by EOI with or without cause.

18. Plaintiffs acknowledge that they are fully competent to execute this Settlement Agreement; that they have been given reasonable time to consider this Settlement Agreement before signing; that they have relied on the advice of counsel in reviewing and signing this Settlement Agreement; that they have carefully read and understand the provisions of this Settlement Agreement, including, but not limited to, the release of any claims Plaintiffs may have against the Released Parties as set forth in Paragraph 10; and that they have executed this Settlement Agreement knowingly and voluntarily and based on the advice of their attorneys.

19. This Settlement Agreement shall be interpreted by, governed by, and enforced under the laws of the State of Louisiana without regard to conflict of laws. The Settling Parties consent to the exclusive jurisdiction of the District Court for, and agree that such court is the proper venue to resolve, any dispute arising under or concerning this Settlement Agreement.

20. This Settlement Agreement contains the entire agreement between the Settling Parties and supersedes any prior discussions, representations, or agreements.

21. This Settlement Agreement may not be modified, amended or terminated orally. No modification, amendment, termination, or waiver of any provision of the Settlement Agreement shall be binding unless it is in writing and signed by the person against whom it is sought to be enforced. The waiver of any breach of this Settlement Agreement shall not operate or be construed as a waiver of any other similar prior or subsequent breach of this Settlement Agreement.

22. This Settlement Agreement may be signed in separate, identical counterparts which, when taken together, shall constitute one agreement.

23. In the event any portion of this Settlement Agreement is deemed unenforceable, void, or of no force and effect, no other portion will be affected, and the remainder of this Settlement Agreement will continue in full force and effect.

THUS DONE AND SIGNED on the date shown.

                                         **ENTERGY OPERATIONS, INC.**

                                         By: _____

                                         Print Name: <u>John A. Ventosa</u>

                                         Its: <u>Chief Operating Officer – South</u>

                                         Date: _____

THUS DONE AND SIGNED on the date shown.

CATER & ASSOCIATES, LLC

By: _____

Print Name: R. Glenn Cater

Its: _____

Date: 10/13/17

CHRIS EDWARDS

_____

Date: 10/18/2018

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

ROBERT BURR
_[signature]_
_Robert Burr_

WITNESSES
_[signature]_
Print Name: Jeffrey C. Scott

_[signature]_
Print Name: Leon D McManus

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY, ON THIS THE 18th DAY OF October, 2018, IN THE PARISH OF West Feliciana, STATE OF LOUISIANA.

_[signature]_
NOTARY PUBLIC

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

VINCENT HONEY, SR.
_____
Vincent S. Honey, Sr.

WITNESSES
_____
Print Name: Clyde J. Smith

_____
Print Name: Rose M. Smith

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
THE ____ DAY OF October,
2018, IN THE PARISH OF East Baton Rouge
STATE OF LOUISIANA.

_____
NOTARY PUBLIC

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

**LEON D. MCMANUS**

*Leon D. McManus* (signature)

**WITNESSES**

*(signature)*
Print Name: Veronika Lordon

*(signature)*
Print Name: Keith Lo Brono

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
THE _K__ DAY OF __October__,
2018, IN THE PARISH OF __West Feliciana__,
STATE OF LOUISIANA.

_____
NOTARY PUBLIC

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

JEFFREY C. SCOTT
*/s/ Jeffrey C. Scott/*

WITNESSES

*/s/ Robert Burr/*
Print Name: Robert Burr

*/s/ Leon D. McLaurin/*
Print Name: Leon D. McLaurin

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
THE 18th DAY OF October,
2018, IN THE PARISH OF WEST FELICIANA
STATE OF LOUISIANA.

*/s/ Christophe B. Edwards/*
NOTARY PUBLIC

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

CLYDE J. SMITH

*Clyde J. Smith*
Clyde J. Smith

WITNESSES

*Rose M Smith*
Print Name: Rose M. Smith

*Vincent X. Honey*
Print Name: Vincent B. Honey, Sr

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY, ON THIS THE 18th DAY OF October, 2018, IN THE PARISH OF East Baton Rouge STATE OF LOUISIANA.

*Michelle B Edwards*
NOTARY PUBLIC

THUS DONE AND SIGNED, in the presence of the undersigned witnesses, on the date shown.

**LATRINA TOY**

*Latrina Toy*
Latrina Toy

**WITNESSES**

*Lizzanne Toy*
Print Name: Lizzanne Toy

*Leon D. McManus*
Print Name: Leon D. McManus

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY, ON THIS THE 18th DAY OF October, 2018, IN THE PARISH OF West Feliciana STATE OF LOUISIANA.

_____
NOTARY PUBLIC